### HATCH vs. MANN.

A *constable* or other officer, whose duty it is to serve process, is entitled to re-cover an *extra compensation* beyond the fees allowed by law, when, on the request of the plaintiff in the process, and on a promise of extra reward, he uses extraordinary efforts beyond those which an officer is strictly bound to make, or which could legally be required of him, to arrest the defendant.

To reverse a justice's judgement, on the ground that a constable was not sworn to attend a jury, it must expressly appear from the return that the jury left court; no intendment will be indulged in support of such objection.

ERROR to the Yates common pleas. Mann sued Hatch before a justice, for services rendered in arresting one Gallup on a justice's warrant at the suit of Hatch. He proved that he declined the service, and that Hatch agreed to *pay him well* for it ; that he employed a person to assist him ; that they went to the house of Gallup at three o'clock in the morning, and about day-break succeeded in arresting nim. The service was proved to be worth $1,75. The defendant offered to prove, that at the time of the service of the warrant, Mann was a *constable,* and that of course it was his duty to serve all process put into his hands ; which evidence was objected to and rejected by the justice. The cause was tried by a jury, who found a verdict for the plaintiff for $1,75, for which amount the justice rendered judgment. The defendant sued out a *certiorari.* The justice certified in his return, after stating the testimony, that the *jurors returned into court,* but did

not state that they had previously retired, or that a constable was sworn to attend them. The common pleas of *Yates* affirmed the judgment, and the defendant sued out a writ of error.

*H. Welles,* for plaintiff in error.

*E. Van Buren,* for defendant in error.

*By the Court,* SUTHERLAND, J. The evidence offered and rejected was admissible, but it would not have affected the plaintiff's right to recover; its rejection therefore is no ground for reversing the judgment. The evidence shews that the arrest of Gallup was understood by both parties to require extraordinary efforts beyond those which an officer was strictly bound to make, or which could legally be required from him ; that the plaintiff watched most of the night, and finally arrested him. This, I think, is a good and legal consideration for a promise to pay what the extra service was worth.

As to the other cause relied on as error, viz. that the return does not shew that a constable was sworn to take charge of the jury, it does not expressly appear from the return that the jury left court ; it may perhaps be inferred from the statement, that they returned into court ; but where a *plaintiff* in error seeks to reverse a judgment upon a technical point like this, no intendment will be indulged in his favor. He could have put it beyond all doubt, if such was the fact, by procuring an amended return. 8 *Johns. R.* 437.

Judgment affirmed.