In the matter of JOHN GALLOWAY the younger, a *non-resident debto r*

An *executor* or *administrator* who *enters* upon leasehold property held by the testator or intestate in his lifetime, or who *receives the rents and profits* thereof, is chargeable in the *debet* and *detinet* directly on the covenant of the lessee as *an assignee*, and in proceeding against him he need not be named as executor or administrator.

If he have *no assets*, or the land is in truth not worth the sum due, he may show those facts in defence ; *prima facie*, however, the land is deemed worth more than the sum demanded.

Being *personally liable*, he may be proceeded against by *attachment* under the act relative to *absconding, concealed and non-resident debtors.*

IN this case certain property was seized under an *attachment* issued against the property of *John Galloway the younger*, as a *non-resident debtor ;* a *certiorari* was sued out to the officer who issued the process, and on the coming in of the *return* to the same the following facts appeared : On 1st February, 1824, an indenture of lease was executed by E. M. Johnson and Maria his wife to *John Galloway*, then of Brooklyn, demising certain premises for the term of twenty-one years, subject to an annual rent of $50; and the tenant covenanted that he, his executors, administrators or assigns would, at his and their own proper costs and charges, pay and discharge *all taxes, duties and assessments* which should, during the term, be imposed upon the demised premises. The lessee died intestate, and *letters of administration* upon his estate were granted, in February, 1833, to *John Galloway the younger*, a resident of England, who, up to the 13th April, 1837, the time of the presenting of the petition for the issuing of an attachment, *received the rents, issues and profits* of the demised premises. An *assessment* was imposed upon the demised premises in the laying out, opening and continuing of a road called the *Bedford road*, a portion of which, amounting to the sum of $2632, the *landlord*, E. M. Johnson, was *obliged* to pay ; who thereupon instituted these proceedings against John Galloway the younger, alleging that he was indebted to him *personally* in

In the matter of Galloway.

the above sum. On due proof that Galloway was a *non-resident* of this state, an attachment was issued by the first judge of the county of Kings.

*M. T. Reynolds*, for the debtor.

*J. A. Lott*, for the creditor.

*By the Court*, Cowen, J. The only objection to the proceedings insisted on was, that this being a debt against John Galloway the younger in his *representative character*, he could not be proceeded against as an *absent debtor*.

The ground taken for the debtor is in general true, and indeed always so where the debt is due by the administrator or executor, solely in his representative character. *Matter of Hurd & Selden*, 9 Wendell, 465. But it is also perfectly well settled that where rent or money for breach of covenant falls due after the death of the testator or intestate, and the executor or administrator enters, or which is the same thing, as here charged, *receives the rents and profits*, he is chargeable in the *debet* and *detinet*, or directly on the covenant as an assignee, and need not be named as executor or administrator. In certain special cases he may, it is true, defend in part, as where he has no assets and the land is in truth worth less than the sum due. But this is strictly matter of defence. *Prima facie* the land is worth more. The authorities to these points are numerous, and are all one way; and most of them may be seen collected in 2 Williams' Ex. 1076–7, Phila. ed. of 1832, where the doctrine is fully stated.

The result is that John Galloway the younger may be pursued in the case presented here as an absent debtor, within the statute. The proceedings are affirmed, and must be remitted to the first judge of the county of Kings, to be followed up in due form of law.