### THE PEOPLE ON THE RELATION OF McGUIRE *a.* ULRICH.

*Supreme Court, First District; General Term, June,* 1855.

SUMMARY PROCEEDINGS.—NOTICE.—AFFIDAVIT.

A notice of thirty days given during a calendar month which contains but thirty days, is a "month's notice."

The requisites of a landlord's affidavit made upon application for the summary removal of a tenant at sufferance who holds over after notice.

Failure to appear before the justice on the return of a summons in summary proceedings to remove a tenant, admits the rights of the landlord, and precludes the tenant from afterwards objecting to irregularity in the proceedings on certiorari.

Certiorari to a justice.

*J. E. Devlin,* for the plaintiffs.

*C. Schaffer,* for the defendant.

MITCHELL, J.—This was a *certiorari* on summary proceedings before a justice, to remove a tenant. The affidavit on which the proceedings were instituted alleged in substance and in general terms, that Odell conveyed the premises to Ulrich on the 17th of October, 1851, and that McGuire, or his assigns, were then in possession of the premises as tenants at sufferance, and held over and continued in possession, although Ulrich had caused a month's notice to be served on him and his assignee, Paul Kavanagh, to surrender the possession to Ulrich, the landlord, in thirty days from service of the notice, and the thirty days had expired. Copies of the notice were annexed, and it was added that McGuire and his assigns held over and continued in possession without the permission of the landlord.

The notice prescribed by 1 *Rev. Stats.*, 745, § 7, in cases of tenancy at sufferance, is one month's notice. This notice was given in April, (a month containing only thirty days), so the notice to leave in thirty days was in this case a month's notice. The notice was served April 18, and the proceedings not commenced before May 25.

It would be more formal pleading for the landlord always

to show the particular facts establishing the tenancy, as the precise lease, and also the facts showing the holding over, and how the tenancy at sufferance then arose. But there is nothing in the statute requiring such particularity. To make it necessary would defeat the object of the law, which was to afford a summary remedy which might be obtained by the landlord without the intervention of those who are learned in the technicalities of the law.

The affidavit does state indirectly that Ulrich was owner of the land under Odell, and that McGuire and his assignee, Kavanagh, were tenants at sufferance under him, and that they held over and continued in possession without the permission of their landlord, and that the notice required to terminate a tenancy at sufferance had been given. This was a compliance with 2 *Rev. Stats.*, 512, §§ 28–31.

The summons was served on McGuire and Kavanagh. Kavanagh alone appeared, and he made affidavit that he was entitled to the possession of the premises by virtue of a lease from R. Martross to him. McGuire made no defence. He therefore admitted the right of Ulrich, and judgment was properly entered against him, and there is nothing to show how he has a right to complain.

The issue joined by Kavanagh admitted all the allegations in Ulrich's affidavit, unless he could make out that he held under a lease from Martross ; for he rested his claim to possession on that lease alone. He did not (except by reliance on that lease) deny that Ulrich was grantee of Odell and landlord of the premises, and McGuire the tenant of Ulrich, and holding over against his landlord's consent.

Kavanagh made no proof, and the deed from Odell to Ulrich and the service of the notice to quit on McGuire and Kavanagh were proved, although the evidence was probably unnecessary under the limited issue joined. Kavanagh, by his precise mode of claiming title under a specific lease, may have assumed the burden of proof on himself. Whether he did or not, he did not set up a claim for or under McGuire, and the latter, having made default, cannot complain if there was any irregularity in the proceeding against Kavanagh. The judgment should be affirmed, with costs.