ESTATE OF SAMUEL NORSWORTHY, deceased, *vs.* BRYAN.

What facts should be stated in the affidavit by which summary proceedings for the removal of a tenant are initiated.

Where the affidavit stated that "The estate of S. N., deceased," was land-lord of the premises, which statement was not denied by the tenant; *Held* that the statement must be deemed to be admitted, and the court could not go behind it, to inquire whether "the estate" was a corporation, or an individual, or an association of several persons.

It is not necessary to state, in the affidavit, *how* the landlord acquired title to the premises.

It is sufficient if it shows that the relation of landlord and tenant was created between the parties, by an agreement of hiring made by the tenant with the agent of the landlord, and that the tenant made default in the payment of rent, after it was due, and after demand for payment thereof made.

APPEAL from a judgment rendered by a justice of the district court in the city of New York, in summary proceedings instituted by a landlord for the removal of a tenant.

*By the Court,* BONNEY, J. The only questions to be considered in this case are those arising between the landlord and the tenant Bryan. Bradley, stated to be undertenant, assented to the judgment rendered by the justice on summary proceedings, and has not appealed. With him we have nothing to do.

The appellant Bryan appeared, on the return of the summons, but filed no affidavit, and we have only to determine whether or not the affidavit by which the proceedings were initiated states facts sufficient to authorize the issuing of the summons and warrant for his removal. On examination of the affidavit it is found to state in substance and effect these facts. 1st. That the "estate of Samuel Norsworthy, deceased," is landlord of the premises in question. 2d. That Amerman, who made the affidavit, is agent of said landlord, in respect to said premises. 3d. That the appellant (Bryan) is tenant of said premises, under an agreement made between him and said agent, at the annual rent of $3600, payable in monthly payments. 4th. That said tenant, on 18th January,

1859, when the affidavit was made, was indebted to said landlord in the sum of $200 due 1st of January, 1859, for balance of rent for one month from 1st of December, 1858, to 1st of January, 1859, for said premises. 5th. That demand of such rent had been made of the tenant by said agent, after the rent became due. 6th. That said tenant has made default in the payment of said rent pursuant to the agreement under which the premises were held. 7th. That said tenant held over, and continued in possession of said premises without the permission of the landlord after such default in the payment of the rent.

None of the facts stated in the affidavit were denied by the tenant, and the service of the summons being proved, and the tenant appearing pursuant thereto, the justice rendered judgment in favor of the landlord, and issued a warrant for the removal of the tenant, under which he was removed.

In my opinion the affidavit states all that is required by the statute (3 R. S. 5th ed. 836, § 28 &c.,) to authorize the removal of a tenant, and the judgment of the justice should be affirmed.

The appellant objects that the proceedings are in behalf of "The estate of Samuel Norsworthy, deceased," and insists that an estate cannot be an actor. As to this it is only necessary to say that the affidavit states that "The estate of Samuel Norsworthy, deceased," is landlord of these premises, and that statement is not denied. Consequently it is admitted, and we cannot go behind it. Whether "The estate of Samuel Norsworthy, deceased," is a corporation, or an individual, or an association of several individuals acting together under that name, we cannot now inquire. If the tenant had denied the statement in the affidavit, proof might have been produced to show that the estate of Samuel Norsworthy, deceased, was capable of being, and was in fact, landlord as stated. It was also made ground of objection that the affidavit did not state that Bryan was either tenant

at will or at sufferance, or for a year or years, or part of a year, and therefore was insufficient. To this it may be answered that if the hiring was precisely as stated in the affidavit, and nothing more, the tenancy, by law, would expire on the first day of May next after the making of the agreement. And if the contract of hiring is not fully stated in the affidavit, the tenant should have supplied the defect, or made some objection to it for this reason. It certainly was not necessary to state in the affidavit *how* the landlord acquired title to the premises, and it clearly does show that the relation of landlord and tenant was created between the parties by an agreement of hiring made by the tenant with the agent of the landlord, and that the tenant made default in the payment of rent after it was due, and after demand for payment thereof made. The statement that Bradley, undertenant of part of the premises in question, holds over *with* (instead of without) permission of the landlord, if not to be treated as a clerical error, (which in fact it clearly is, in my opinion,) and amended, cannot enure to the benefit of this appellant, against whom alone judgment was rendered.

The judgment should be affirmed, with costs.

[NEW YORK GENERAL TERM, November 5, 1860. *Sutherland, Ingraham* and *Bonney,* Justices.]