## MEYER VS. FOSTER.

If a jury render their verdict without leaving the court, there is no necessity of their being put under the charge of an officer, or of his being sworn.

Where the return of a justice on appeal does not show that the jury left the court to consider of their verdict, the judgment of the justice will not be reversed because it does not appear that an officer was sworn to take charge of them.

To justify the reversal of a justice's judgment for an improper taxation of costs, error must be affirmatively shown, and no presumption will be allowed against the regularity of the proceedings.

Interpreters' fees are taxable as a necessary and proper disbursement.

APPEAL from the Circuit Court for *Jefferson* County.

*Meyer* brought an action against *Foster* to recover for work and labor; the defendant denied the complaint, and put in a set-off, and demanded a trial by jury.

The jury found a verdict for the plaintiff of $12, and judgment was rendered in his favor for that sum and $17.11 costs of suit. The defendant appealed to the circuit court. The return of the justice did not show that an officer was sworn to take charge of the jury, nor did it show that they retired to consider of their verdict. It showed that an interpreter was sworn on the trial, and all the statement in relation to such costs in the return, is as follows: " Jurors for one day, at 50 cents, $3.00; constables' fees, $6.21; witnesses for plaintiff,

$2.44; interpreter, one day, with travel, 80 cts; justice's fees, $4.66. Amount, $17.11."

The circuit court affirmed the judgment of the justice, and from said judgment of affirmance the defendant appealed.

*Gerrit T. Thorn*, for appellant.

1. The judgment is erroneous, because it does not appear that an officer was sworn to take charge of the jury. R. S., chapt. 120, § 92; *Conghnet vs. Eastbrook*, 11 Johns., 532; *Van Doren vs. Walker*, 2 Caines, 373; *Douglas vs. Blackman*, 14 Barb., 381. 2. The statute provides that the justice shall tax the costs; this is a judicial act, and chapt. 133, § 82, § 83, provides that there shall be proof of the items, and unless such proof was furnished, the justice had no power to tax any costs for witnesses or disbursements. *Stokes vs. Knarr*, 11 Wis., 393; *Dean vs. Williams*, 6 Hill, 376; *Lhle vs. Bingham*, 4 Hill, 595. The statute makes no allowance for interpreters' fees, and that item in the bill is illegal. The circuit court should have reversed the judgment as to the costs.

*Hopkins, Jussen & Foote*, for respondent, cited *Fuller vs. Wilcox*, 19 Wend, 341; *Hatch vs. Mann*, 9 Wend., 562; 21 Wend., 305; 3 Hill, 75; 4 Denio, 182; 7 Wis., 149.

*By the Court*, DIXON, C. J. It does not appear from the return of the justice that the jury left the court. They may have considered and rendered their verdict without retiring, in which case there was no necessity of their being put under the charge of an officer, or of his being sworn. *Hatch vs. Mann*, 9 Wend., 262.

To justify the reversal of the judgment for an improper taxation of costs, it must appear *affirmatively* that the justice erred. *Fuller vs. Wilcox*, 19 Wend., 351. No presumptions will be indulged against the regularity of his proceedings. If the appellant relies upon the want of an affidavit to the travel and attendance of witnesses, or to the disbursements, he must show that none was made; and if, upon the fact that he paid

the fees of the jurors, at the time they were called, he must show that; for the presumption is, that the justice would not have taxed them if already paid. None of these things appear from the return.

The interpreter's fees were taxable as a necessary and proper disbursement. R. S., chapt. 133, sec. 27.