## SUPREME COURT.

### THE PEOPLE *ex rel.* EEMMA TEED agt. MARY TEED.

The statute does not require that the landlord shall state in the affidavit, in summary proceedings, the *date or duration of the lease.* (SUTHERLAND, *J. dissenting.*)

If the nature of the hiring was such that the landlord could not take the remedy by summary proceedings, the tenant must set up that defense.

The court connot infer that a jury were not kept by an officer, or that he was not sworn. Besides, the statute, in this respect, is directory.

*New York General Term, April,* 1867.

*Before* INGRAHAM, LEONARD *and* SUTHERLAND, *Justices.*

People agt. Teed.

APPEAL from judgment of special term, in summary proceedings.

*By the court,* LEONARD, J. The affidavit of the respondent, Mary Teed, states, that she is the landlord; that Oscar Teed hired the premises, and promised to pay her $22.50 per month in advance, for the use and occupation; that on the first day of December, 1866, the sum of $22.50 was due for one month's rent of the said premises, for the said month; that Oscar is dead, leaving his wife, the said Emma, surviving; that she is his legal representative, and as such is in possession; that the rent has been demanded of the said Emma, since it became due; that she has made default, and that the said Emma, as such legal representative, tenant, and one Leaycraft, under tenant, hold over and continue in possession, without permission of the landlord, after default in the payment of the rent.

The relator, Emma Teed, denied that Oscar Teed, as tenant, hired from the said Mary, as landlord; she denied that Oscar was ever tenant, or the said Mary, landlord of the premises; she denied that she was tenant of the said Mary; she denied that any agreement for hiring was ever entered into between the said Mary and herself, or said Oscar. She stated that Oscar owned the premises in his lifetime, and that since his death, she and the children of the said Oscar were the owners, and are in possession.

At the trial the title was proven to be in Mary Teed, by deed to her, and also that Oscar, in his lifetime, paid her rent; that when he paid money to Mary Teed, he said, "*there is my rent.*"

It is insisted by the relator, that the affidavit of Mary Teed is defective, in not stating when the hiring was made, and the duration of the lease, and that these are facts essential to be set out, to give the justice jurisdiction of the proceeding.

The statute does not prescribe that the landlord shall state in the affidavit the date or duration of the lease. The facts constituting a tenancy are stated—ownership and hiring.

People agt. Teed.

The rent due, when it became payable, and for what period, are also stated. The facts put in issue are the ownership and the hiring. The conveyance to Mary Teed, and the payment of rent by Oscar Teed, established both of these issues against the relator. If the nature of the hiring was such that the landlord could not take the remedy by summary proceedings, the tenant must set up that defense.

The same question was raised in *Norsworthy* agt. *Bryan* (33 *Barb. R.* 153). It was there insisted that the landlord should state the nature or duration of the tenancy. It was held that if the contract be not fully stated, the tenant should have supplied the defect (*p.* 155). The lease does not appear to be in writing. It continued till the following May, presumptively, in case the rent was punctually paid. The facts stated in the affidavit of the landlord, and not denied by the affidavit of the tenant, are admitted.

It is also objected that the return shows that the jury retired to deliberate upon their verdict, but does not show that an officer was sworn to keep the jury, &c.

The statute is directory in this respect. We cannot infer that the jury were not kept by an officer, or that he was not sworn.

The relator might have procured a further return, if the magistrate did, in fact, neglect the performance of this duty, and the relator had desired to make it appear it was the duty of the magistrate to swear an officer; and it is the intendment, in the absence of proof to the contrary, that he performed his duty. (*Hatch* agt. *Mann*, 9 *Wend.* 262.)

The judgment and proceedings should be affirmed, with costs.

SUTHERLAND, J., *concurring.* There can be no doubt that in a summary proceeding to recover the possession, &c., under the statute, the affidavit must show the tenant or lessee to be one at will or sufferance, or for a part of a year, or for one or more years (*see* § 28 *of statute*); and I dissent from so much of the within opinion as states or intimates to the contrary; but I concur in affirming the proceedings, on the ground of the local law. (3 *R. S. 5th ed.* 34, § 1.)