## NEW YORK CITY COURT.

### CHARLES MICHENFELDER agt. MAGDALENA GUNTHER.

*Summary proceedings — Landlord and tenant — When widow of a tenant is, prima facie, assignee of the term and may be removed as an overholding tenant.*

Where a tenant under a yearly hiring dies leaving his widow in possession of the premises, and she remains in occupation during the unexpired term, and there is no administration upon the estate, she is, *prima facie*, an assignee of the term and may be removed as an overholding tenant under the statute relating to summary proceedings.

*General Term, February*, 1884.

*Before* McADAM, *C. J.*, HYATT *and* HALL, *JJ.*

APPEAL from a judgment rendered in a summary proceeding under which the tenant was removed, &c.

*Jacob Levy*, for appellants.

*E. P. Trautman*, for respondents.

McADAM, *C. J.*— The petition alleges and the proofs show that the conventional relation of landlord and tenant existed between Eva Michenfelder as landlord and John Gunther as tenant, in respect to the premises in question; that the tenancy was from year to year from April 1, 1879; that the petitioner has since succeeded to the estate of the said landlord with the right to maintain all legal proceedings in respect to the possession of said premises; that the tenant, John Gunther, continued in possession under this yearly hiring until February or March, 1883, when he died, leaving his widow (the party proceeded against) in possession. The last yearly hiring expired a short time thereafter, to wit, April 1, 1883. It does not appear that letters testamentary or of administration upon the estate of the tenant were ever issued so as to vest in such

representative the title to the tenant's unexpired term. It does appear, however that the widow remained in possession after the decease of her husband, and that she enjoyed the full benefit of the unexpired term. She entered into possession with him, and she remained in possession of the premises after his death. Under such circumstances she became *prima facie* the assignee of the term and her continued possession was presumably lawful.

The relation of landlord and tenant having been once established, it attached to all who succeeded in the possession immediately or remotely. The right to the possession and the term of the tenant ceased prior to the commencement of these proceedings. The conventional relation of landlord and tenant having been formed by agreement, and the right to invoke the statutory remedy by summary proceedings (if necessary), having once attached, the death of the tenant did not destroy the applicability of the remedy (*The People* agt. *Tead*, 33 *How. Pr.*, 238). The statute is a remedial one and ought to be liberally construed to advance the remedy which the legislature has furnished to remove defaulting and over-holding tenants. If the lease had been for a long term and the tenant's interest therein valuable, a different question might perhaps have arisen, but in the present instance the widow took herself and enjoyed the entire unexpired term of the lease, and she may, in view of this fact, be holden as assignee of the term. Even an administration who enters and takes the rents and profits of demised premises is personally liable as assignee of the term for all rents falling due after his entry (*Matter of Galloway*, 21 *Wend.*, 32; *Fisher* agt. *Fisher*, 1 *Bradf.*, 337; *Rubery* agt. *Stevens*, 4 *Barn. & Adol.*, 241; *Buckley* agt. *Pertt*, 1 *Salk.*, 317; *Hargrave's case*, 5 *Coke*, 31; *Wentworth on Executors*, 32).

We have examined the case relied upon by the tenant (*Benjamin* agt. *Benjamin*, 5 *N. Y.*, 383), but have failed to discover that it controls the disposition of this appeal. It states several elementary principles which we approve, and

holds that in that particular case no relation of landlord and tenant existed, but there is a wide difference between the facts pleaded in the petition there and the facts alleged in the petition here, and it was the peculiar facts alleged there that led the court to hold that the relation of landlord and tenant existed. The main questions in that case, after all, was whether the tenant was not entitled to a trial by jury and whether a trial without one was not illegal. The court sustained the tenant's objection in regard to the right of trial by jury, and it was scarcely necessary for it to have decided anything else. We have examined the record and are satisfied that the justice had jurisdiction; that no errors were committed upon the trial; that no injustice had been done, and that the judgment appealed from should be affirmed, with costs.