### JENNINGS *v.* McCARTHY.

*(Common Pleas of New York City and County, General Term.   November 4, 1891.)*

1. LANDLORD AND TENANT—RECOVERY OF POSSESSION—DEMAND.

   In an action to recover the possession of premises from a tenant, the complaint alleged that a demand for possession had been served on defendant.  *Held,* that the failure of the answer to deny such allegation dispensed with proof of service of such demand on the trial.

2. SAME—QUESTION FOR JURY.

   In summary proceedings for the recovery of demised premises after the expiration of an alleged term, the question whether or not defendant held the premises as the servant, instead of tenant, of plaintiff, is for the jury.

3. SAME—HOLDING OVER—CONSENT OF LANDLORD—TENANCY AT WILL.

   Defendant assumed, for an indefinite period, the care of plaintiff's house, in consideration of a commission on rents, the use of a room on the lower floor for janitor's apartments, and the gratuitous use of another floor.  After three months' occupancy by defendant, his employment was determined, and after three months more plaintiff served on him a written demand for the possession of the premises.  *Held,* in summary proceedings to recover possession, that, the jury having found for plaintiff, the court must assume that they found a consent on the part of plaintiff to defendant's holding over after the demand of possession, the effect of which was to establish a tenancy at will on the part of defendant, and to entitle plaintiff to recover on the notice given.

4. SAME—INDEFINITE OCCUPATION—TENANCY AT WILL.

   3 Rev. St. N. Y. p. 2200, § 1, (1 Banks' 7th Ed.,) which provides that agreements for the occupation of lands or tenements in New York city, which shall not particularly specify the duration of such occupation, "shall be deemed valid until the 1st day of May next after the possession under such agreement shall commence," has no application to an occupation determinable at the will of either party.

Appeal from ninth judicial district.

Action by Abraham G. Jennings, plaintiff, against Dennis McCarthy, defendant, to recover the possession of demised premises on the ground of the alleged expiration of the term.    From a judgment for plaintiff, defendant appeals.

3 Rev. St. N. Y. p. 2200, § 1, (1 Banks' 7th Ed.,) provides that "agreements for the occupation of lands or tenements in the city of New York, which shall not particularly specify the duration of such occupation, shall be deemed valid until the 1st day of May next after the possession under such agreement shall commence."

Argued before BOOKSTAVER and BISCHOFF, JJ.

*Johnston & Johnston,* for appellant.  *A. Prentice,* for respondent.

BISCHOFF, J.   About December 15, 1888, the parties to this proceeding entered into an agreement in writing whereby McCarthy assumed the care of Jennings' houses Nos. 1603 and 1605, Lexington avenue, in the city of New York, including the letting and repairing thereof and the collection of rents. In consideration of the services to be performed by McCarthy, Jennings agreed to pay him a certain rate of commissions on the amount of rents collected, to make allowance of a specified yearly sum for repairs, to furnish him with the ground-floor of one of the houses for janitor's apartments, and to give him the gratuitous use of another floor.   No time was fixed for which this agreement was to endure, and under it McCarthy entered into the possession of the apartments from which he was sought to be removed.   It continued, however, by the voluntary performance of the parties, for about three months, and in June, 1889, Jennings notified McCarthy in writing that he had elected to terminate the same.   This notice included a demand for the surrender of the possession of the apartments occupied by McCarthy, and was served upon him about three months prior to the institution of proceedings to recover possession, and about three months after his employment was discontinued, since which time McCarthy had remained in possession.   No sufficient proof of the service of this notice was made upon the trial, but, as the allegation of the petition respecting its service was unchallenged by the answer, the

fact of such service must be taken as admitted. *Norsworthy* v. *Bryan*, 33 Barb. 153; *People* v. *Teed*, 48 Barb. 424; *McGuire* v. *Ulrich*, 2 Abb. Pr. 28.

Upon the foregoing facts the trial justice substantially charged the jury that if they found McCarthy's possession to be that of a servant, their verdict must be in his favor; but if they found his possession to be with the consent of Jennings, and that the relation of master and servant was not subsisting between them, that then the facts established a tenancy at will, and Jennings was entitled to recover possession, and the verdict should be accordingly. No exception was taken to the charge in this form, and, the jury having found for the petitioner, the appellant urges as grounds for reversal that the facts fail to support the verdict, and that, the relation between the parties being that of master and servant, and not of landlord and tenant, the trial court was without jurisdiction. We are of the opinion that the case was properly disposed of in the court below. Whether McCarthy's occupancy was that of servant or tenant was a question of fact, and therefore properly submitted to the jury. The facts warranted an inference of consent on the part of Jennings to the continued possession by McCarthy after discontinuance of his employment, and, if such consent was found to have existed, then, by operation of law, McCarthy's possession was converted into a tenancy at will, determinable under the statute by a previous notice of 30 days, (3 Rev. St. p. 2201, § 7, Banks' 7th Ed.,) and he was subject to removal in summary proceedings to recover possession, (Code Civil Proc. § 2231.)

Substantially the only issue of fact upon the trial was as to whether or not Jennings had consented to McCarthy's continued possession after his employment was determined, and, though there may be no evidence whatever of an express consent, it is sufficiently established, if inferable from the surrounding circumstances proved. We may agree with the contention of counsel for appellant that the agreement of December 15, 1888, created the relation of master and servant between the parties, and that, as the servant's possession is that of his master, the relation of landlord and tenant cannot be said to have subsisted respecting the premises occupied by the servant under it while the employment continued in its vitality. With the termination, however, of the employment, whether by the servant's abandonment thereof or by his discharge therefrom, the servant's right to occupy his master's premises is also determined, and the master then has a present right to repossess himself thereof, and to use all necessary force to eject the servant therefrom. *Haywood* v. *Miller*, 3 Hill, 90. If the servant continues in possession without molestation, it is presumptively with the master's consent; and if such possession endures beyond the limit of a period of time sufficient to enable the former servant conveniently to remove, such possession is converted into a tenancy at will. *Kerrains* v. *People*, 60 N. Y. 221; *Bristor* v. *Burr*, 12 N. Y. St. Rep. 638. In the present case the former servant continued in possession for nearly three months after his employment was abandoned or discontinued, and before the service of a notice upon him to quit and surrender the possession of the apartments occupied by him, and for three further months thereafter before proceedings for his removal under the statute were instituted; and as, under the ruling of the court of appeals in *Kerrains* v. *People*, above cited, the master's consent to the holding over of the former servant may be implied or inferred from the mere fact of delay for a considerable time after the employment has come to an end by the former servant to remove, we are compelled to assume that the jury in rendering their verdict for the petitioner did find the fact of such consent. The conclusion reached by us, that there existed between the parties, at the time of the institution of the proceedings to recover possession, a tenancy at will, necessarily also refutes the appellant's remaining proposition, that as there was no evidence of an express agreement, particularly specifying the duration of the tenant's right to occupancy, if a tenancy was found to have existed, it must, by force of the

statute relating to leases of real property in the city of New York, (3 Rev. St. p. 2200, § 1, Banks' 7th Ed.,) be construed to continue until the 1st day of May next succeeding. An agreement to occupy at the will of either party thereto may be attended with uncertainty of duration, but specifies, none the less, the time for which it shall continue, and the statute referred to cannot for that reason be said to apply. *Hart* v. *McConnell*, 5 N. Y. St. Rep. 900. The order appealed from should be affirmed, with costs.