791 CORPORATION and Another, Plaintiffs, *v.* HARRY ENGEL and Another, Defendants.

Municipal Court of New York, Borough of Manhattan, Ninth District, June 30, 1934.

*Samuel Schiff* [*Samuel Sumner Goldberg* and *Irving Hatterer* of counsel], for the landlord and assignee of rents.

*Samuel Ellis Levine,* for the tenants.

GENUNG, J. This is a summary proceeding for the possession of an apartment at 791 Park avenue, New York, on a claim that the tenants continue in possession, without the consent of the landlord, after the service of a thirty-day notice to quit. The tenants deny that the conventional relationship of landlord and tenant exists and claim that they cannot be ousted from the premises in this proceeding.

The 791 Park Avenue Corporation (not this landlord) built the apartment house in question. The tenant, Harry Engel, was a stockholder in that corporation, as were Mrs. Engel's brothers and father. The tenants have occupied an apartment in that building for some five years and have never paid any rent, although the rental value of the apartment is some $10,000 a year.

The Spear Securities Corporation held a second mortgage on the building and on January 16, 1933, commenced an action to foreclose its mortgage. The tenants were not made parties to that action. That action resulted in a judgment of foreclosure and sale and on October 25, 1933, the mortgagee received a deed from the referee. On the same day it deeded the premises to 791 Corporation, the landlord herein.

The Metropolitan Life Insurance Company holds a first mortgage on the prenises dated November 10, 1924, for $1,100,000, and obtained an assignment of the rents of the building on January 19, 1933, which assignment is still in force.

The tenants claim that they need pay no rent, nor must they surrender their apartment, because of an arrangement made with the original owner, the 791 Park Avenue Corporation, allowing the tenants to occupy the apartment, rent free, indefinitely, in lieu of dividends on their stock in the then owner corporation.

In support of that contention, the tenants produced a resolution of a " special meeting of the stockholders and directors " of the corporation purporting to have been held on August 28, 1930. The resolution recites that the corporation is indebted to Harry Engel in the sum of $25,000; that Engel obtained the money to loan to the company by pledging his stock in the company with a bank and it was, therefore:

" *Resolved*, that the 791 Park Avenue Corporation be and the same, is hereby authorized to execute and deliver to said Harry Engel a mortgage on the property owned by the corporation on 791 Park Avenue, in the sum of $25,000, which mortgage shall be non-interest bearing, and which shall mature ten years from date, or sooner, upon payment of the corporation to the said Harry Engel the sum of $25,000. Be it further

" *Resolved*, that in lieu of no interest payments and in lieu of no dividends on the shares of stock which are deposited with the Bank as security that said Harry Engel be permitted to occupy an apartment in said premises, 791 Park Avenue, free and without any payment of rent for its use and occupation."

It is conceded that the minute book of the corporation shows no meeting subsequent to September 27, 1924. It also appears that the mortgage provided for in the resolution was never delivered, the tenant claiming that he is an " equitable mortgagee," but assuredly his interest, whatever it may be, is subject to the mortgage of the Metropolitan Life Insurance Company and the tenant entered into possession, not as a mortgagee, but under the second part of the resolution, as a tenant paying no rent. The owner simply agreed that its creditor might occupy a portion of the premises and thus created the relationship of landlord and tenant. (*Hunt* v. *Comstock*, 15 Wend. 665.) The reservation of rent is not essential to that relationship. (*Hunt* v. *Comstock, supra; Larned* v. *Hudson*, 60 N. Y. 102, 104.) The relationship of landlord and tenant existing between the tenants and the 791 Park Avenue Corporation at the time of the institution of the foreclosure proceeding, the failure to make the tenants parties to that action merely left the lease unimpaired and the purchaser at the sale and its grantee became the landlord, with all the rights and remedies of the original landlord. (*Commonwealth Mtge. Co.* v. *De Waltoff*, 135 App. Div. 33; *Diamond* v. *Tau Holding Corp.*, 131 Misc. 446, 449; Real Prop. Law, § 223; *Metropolitan Life Ins. Co.* v. *Childs Co.*, 230 N. Y. 285; *Cerana Apts. Corp.* v. *Solomon*, 150 Misc. 906.)

The copetitioner, Metropolitan Life Insurance Company, holds a mortgage now and at all times superior to the rights of the tenants. The owner was in default under the terms of the mortgage and

delivered to the mortgagee an " assignment of rents," giving to the mortgagee the right " to enter upon and take possession of said premises." Thereby the mortgagee actually possessed itself of the right to the rents. (*Sullivan* v. *Rosson*, 223 N. Y. 217.) A mortgagee in possession under an assignment of rents is entitled to maintain summary proceedings. (*Goodnow* v. *Pope*, 31 Misc. 475.)

The remaining question is as to the " term " of tenants' holding.

The tenants claim that they are entitled to possession " in lieu of dividends " upon their stock in the owner corporation. Such an agreement, if made, provides for a return upon an investment in stock, to wit, a dividend, in conflict with the provisions of the Stock Corporation Law (§ 58) and the Penal Law (§ 664, subd. 1), which limit the funds from which dividends can be paid to the surplus of the company. Such a contract is contrary to public policy and void. (*Troy and Boston R. R.* v. *Tibbits*, 18 Barb. 297.) (See, also, *Topken, Loring & Schwartz, Inc.*, v. *Schwartz*, 249 N. Y. 206.)

" Nothing is better settled than that dividends should be paid out of surplus and profits." (*Berryman* v. *Bankers' Life Ins. Co.*, 117 App. Div. 730, 737.)

A contract engaging directors unrestrictedly to declare dividends has no legal force. (*Lindgrove* v. *Schluter & Co.*, 256 N. Y. 439, 444.)

" What is true of contracts by directors is true of contracts by corporations, which may act only through directors." (*Lindgrove* v. *Schluter & Co., supra*, 445.)

The contract claimed, therefore, affords no protection to tenants. At most they are only tenants at will.

" When one enters upon land by permission of the owner for an indefinite period, even without the reservation of any rent, he is by implication of law a tenant at will. (*Doe* v. *Baker*, 4 Dev. [N. C.] 220.) If he be placed upon the land as a mere occupier, without any term prescribed or rent reserved, he is strictly a tenant at will." (*Larned* v. *Hudson*, 60 N. Y. 102, 104.)

A tenant for an indefinite period (in the city of New York) continues until " the first day of October next after the possession commences " (Real Prop. Law, § 232), but a tenancy at will may be terminated by a thirty-day notice. (Real Prop. Law, § 228.)

" An agreement to occupy at the will of either party thereto may be attended with uncertainty of duration, but specifies, none the less, the time for which it shall continue, and the statute referred to [3 R. S. 2200, now Real Prop. Law, § 232] cannot for that reason be said to apply. (*Hart* v. *McConnell*, 5 N. Y. St. Repr. 900.)" (*Jennings* v. *McCarthy*, 16 N. Y. Supp. 161, 163.)

The petitioners are, therefore, entitled to a final order awarding them possession of the premises. Ten days' stay.