Story,
 
 J.
 

 delivered the opinion of the Court’ts follows :
 

 
 *121
 
 . The only, claims in this case now remaining for the consideration of tire Court, are those of Mr. Fenniman and M‘Gregor. " Further proof was directed, at the last term, to be made in respect to those
 
 claims;
 
 and no additional evidence having b,een produced, beyond that Which was then disclosed to the Court, the causes have been submitted for a final decision.
 

 respect to the claim of Mr. Fenniman, the evidence is very strong that the goods were purchased some time before the war, by his agent in Great Britain, on his sole account. They were hot, however^ shipped for the United States until the latter part of May, 1813.
 

 It is not the intention of the Court to express any opinion as to the right of an American citizen, on the breaking out of hostilities, to withdraw his property purchased before the war, from an enemy country. Admitting such right to exist, it is necessary that it should be exercised with due diligence, and within a reasonable time after the knowledge of hostilities. To admit a citizen to withdraw property from an enemy country, a long, time after the war, under the pretence of its having been purchased before the war, would lead to the most injurious consequences,, and hold out strong temptations to every species of fraudulent and illegal traffic with the enemy. To such an unlimited extent we are all satisfied that the right cannot exist. The present shipment was ndt made until more than eleven months had elapsed after war was declared; and ..we are all of opinion that it was then too late for the party to make the shipment, so as to exempt him from the penalty attached to an illegal traffic with the enemy. The consequence is, that the property of Mr. Fenniman must be condemned.
 

 And this decision is fatal, also, to the claim óf Mr. .M‘Gregor. Independent, indeed, of this principle, there aré many circumstances in the case unfavorable to the latter gentleman. In the.first place, it is not pretended that the goods included in his claim were purchased before the war. . In the next place, he was the projector of the present voyage, and became, as to one moiety, the charterer or purchaser of the ship.
 
 *122
 
 .Nearly all the cargo consisted of goods belonging (as it must .now be deemed) exclusively to British, merchants. He was, therefore, engaged in an illegal traf« fic of the most noxious nature
 
 ;■
 
 a traffic not only prohibited by the law of war, but by thti municipal regulaof his adopted country. His whole property, therefore, embarked in such an enterprize, must alike be infected with the taint of forfeiture.
 

 The judgment of the Circuit Court must, therefore, as to these claims, be affirmed with costs.