ALBANY,
June, 1831.

Radley
v.
Brice.

## RADLEY vs. BRICE.

*In trespass quare clausum fregit, and for taking timber where the defendant instead of pleading a justification gives notice thereof, the plaintiff is entitled to full costs, although the verdict be less than $50.*

THIS was an action of *trespass quare clausum fregit*, and for *June 9.* cutting and carrying away timber. The defendant pleaded the general issue, and gave *notice of justification* generally, to enter upon the premises, and to take timber, &c. On the trial of the cause, it was shewn that the defendant had entered upon premises possessed by the plaintiff, part of which were *enclosed*, and part *unenclosed*, and the damage of the plaintiff, in the taking of timber by the defendant, was proved to exceed in value $100. The defendant produced in evidence a lease from Stephen Van Rensselaer, the original proprietor of the premises, giving a right of common of *estovers* to the tenant, under whom the defendant justified. The jury found a verdict for the plaintiff with only $10 damages, on which the plaintiff entered judgment, and taxed full costs. The defendant moved to set aside the judgment, and that he be allowed to tax costs against the plaintiff.

*H. G. Wheaton*, for defendant.

*M. T. Reynolds*, for plaintiff.

*By the Court*, NELSON, J. A plaintiff is entitled to recover costs "in all actions in which the title to lands or tenements, or a right of way, or a right by proscription or otherwise, to any easement in any lands, or to overflow the same, or to do any other injury thereto, shall have been *put in issue by the pleadings*, or shall have come in question on the trial of the cause." 2 *R. S.* 613, § 3. A notice of justification subjoined to the general issue in an action of trespass is equivalent to a special plea, and as effectually puts the title in is-

sue; the rights of the plaintiff in this case, therefore, are the same as if the matter set forth in the notice had been spread out in a plea. The motion is denied.