THE PEOPLE, *ex rel.* Fryer, *vs.* NEW-YORK COMMON PLEAS.

A party is not entitled to costs on the ground that the *title to land came in question,* where a de-fendant justifies an entry on the *locus in quo* under a *license.*

MOTION *for mandamus. Fryer* brought an action for trespass *quare clausum fregit* in the N. Y. common pleas, against *Bennet,* who pleaded the general issue, and gave notice of justification. By the notice the defendant disclaimed and dis-avowed all title or interest in the lands, but set up that he was in the employ of J. & C. Miller, who occupied premises adjoining the close in question, and that he entered on the plaintiff's close for the purpose of opening the drain of Miller's cellar, which had been stopped up ; and he alleged that " an implied *permission,* or permission absolute or from necessity had been therefore granted." As to

Wilson v. Williams.

entering on the premises with horses, &c., he stated a like *permission* granted to Miller as tenant of the adjoining premises : also that 'a *license* from necessity existed' for Miller to pass through the alley over the plaintiff's land to and from the stables in the rear ; and that such license had been acquiesced in by those who occupied the plaintiff's close before him.

On the trial it appeared that a license to pass through the alley had been given, but was revoked before the trespass complained of. There were two actions brought against Miller. In one the plaintiff recovered $10, and in the other 6 cents. He applied to the court below to be allowed costs in both actions, on the ground that the title came in question ; the motion was denied : and now he moves [580] for a *mandamus.*

*By the Court,* BRONSON, J. The present statute, although it differs in phraseology, was only intended to adopt the exposition which had been given to the former law. (2 *R. S.* 613, § 3, *sub.* 2. *Revisers' notes. Chandler* v. *Duane,* 10 *Wendell,* 565.) Notice of justification with the general issue was equivalent to a special plea, for all the purposes contemplated by this statute. (6 *Wendell,* 539.) But in this case, if the notice was good for any purpose, it did not call in question the *title,* nor a *right of way,* nor any *easement* in the land. It amounted to nothing more than a *license* to enter for a particular purpose, which the party might revoke at pleasure. A *permission* to enter and repair a drain, is not an easement in land, nor is a license to pass through an alley equivalent to a right of way. A permission or license to enter for either of the specified purposes, conferred no right or interest in the land. It was a mere authority to enter without being treated as a trespasser. If the defendant had not expressly disclaimed all title and interest in the land, setting up a license was equivalent to an admission that he had none. (*Ex parte Coburn,* 1 *Cowen,* 568.) What the pleader meant by a license from necessity, I am unable to say. There may be a *way* of necessity over another's land ; but that is not the defence relied upon in this notice. (1 *Saund.* 323, *note* 6.)                                    Motion denied.