Fuller *vs.* Wilcox.

A party sued in a justice's court as a public officer is entitled to double costs;
and if the fact of his being so sued does not sufficiently appear from the
pleadings, the justice may, before rendering judgment, inquire in the pre-
sence of the parties, into the defendant's right to such costs.

Where judgment was rendered for double costs to the amount of $11,56, the
court in support of the judgment intended that a portion of the costs
must have consisted of charges for the attendance of witnesses from a
foreign county; to authorize the reversal of a justice's judgment it must
affirmatively appear that an error has been committed. Besides, the statute
forbids a justice's judgment to be reversed on account of any fees having
been improperly allowed.

ERROR from the Jefferson common pleas. Wilcox sued
Fuller in a justice's court, and declared against the de-
fendant for damages for taking and selling two cows con-
trary to law; 2. for taking and selling an unreasonable
quantity of property over and above any demand he had
against the plaintiff; 3. for taking and selling *on a warrant
for the collection of a school tax* a greater amount of property
than was necessary to pay the tax, to wit, two cows,
when one was sufficient. After issue joined, adjournment
and venire, the parties appeared on the adjourned day, and
the plaintiff withdrew his suit—" *Whereupon* [the justice
says in his return] the defendant claimed judgment for *double
costs* against the plaintiff; whereupon, after hearing the
proofs and allegations of the defendant on his motion for
double costs, I forthwith did render judgment in favor of
the defendant for double costs, $11,56." Wilcox brought a
*certiorari* to the common pleas, where the judgment of the
justice was *reversed.* Fuller now brings error.

*J. Clarke,* for plaintiff in error.

*R. Lansing,* for defendant in error.

*By the Court,* BRONSON, J. It may fairly be inferred
from the declaration that Fuller was sued for an act done
by him as a *public officer.* But if that fact was not suffi-
ciently admitted by the pleadings, I see no objection to the

course which was pursued by the justice, of proceeding immediately in presence of the parties to inquire into the defendant's right to double costs.

When the plaintiff withdrew his action, it was the duty of the justice to render judgment against him for costs. 2 R. S. 246, § 119, 124, 126. If the action was brought against Fuller for an act done by him as a *public officer*, he was entitled to double costs—or rather, " the amount of his taxed costs, and one half thereof in addition." 2 R. S. 617, § 24. *Wales v. Hart*, 2 Cowen, 426.

But it is said that the costs could in no case exceed $5, or at the most $7,50. The language of the act as to costs in *justice's courts* is—" the whole amount of all the items of such costs, except charges for the attendance of witnesses from another county, shall not, in any case, exceed five dollars." § 126. This provision is wholy independent of that allowing double costs. It only means that the whole amount of all the items of costs, as taxed by the justice, shall not exceed $5. It does not preclude him, where the action is against a public officer, from adding one half to the taxed bill, although the aggregate may in that case exceed $5. This was virtually decided in the case of *Wales v. Hart*. The justice must proceed as is usual in courts of record, and tax the defendant's costs according to the rates prescribed by the fee bill : with only this difference, that the whole amount of taxation for all the items must not exceed a specified sum. Then comes the statute, which seems equally applicable in all courts, and provides that the defendant " shall recover the amount of his taxed costs, and one half thereof in addition."

The justice gave judgment for $11,56. If he followed the rule already mentioned, he must have taxed the items at $7,71. The taxation may exceed $5, where there are charges for the attendance of witnesses from another county. § 126. They are severally entitled to 25 cents for every day's actual attendance. § 228. The costs might amount to a sum equal to that at which they were taxed by the justice. But it is said that the judgment was erroneous, because it does not appear that there were any foreign wit-

nesses, or that the justice had any right to tax so large a bill.
I do not so understand the rule. Before a judgment can be
reversed it must appear *affirmatively* that the justice erred.
The return does not show what items were allowed or how
the bill was made up. If the plaintiff was not satisfied with
it, he should have procured a further return. *Wilson* v.
*Fenner*, 3 Johns. R. 439. *Clements* v. *Benjamin*, 12 id. 299.

But there is another answer to this objection. The
statute expressly provides, that no judgment shall be reversed
" on account of any fees having been improperly allowed by
a justice." § 184. If judgment is rendered " for a greater
amount of costs than is allowed by law, or for any item of
costs or fees improperly," the party who has paid it has a
remedy by action. § 230. The common pleas erred; and
their judgment must be reversed, and that of the justice
affirmed.

Ordered accordingly.