By the Oonrt,

Nelson, C. J.
The judgment is erroneous. Treble damages are the legal consequence of the finding, as certainly as a judgment is the consequence of a verdict. The Revised Statutes do not essentially differ in this respect from the old law, 2 R. S. 261, § 1, 2; 1 R. L. of 1813, p. 525, § 39. In Newcomb v. Butterfield, 8 Johns. R. 342, was first suggested the mode of ascertaining and trebling the damages. If the jury find the defendants guilty of the trespass as alleged within the act, they are to assess single damages, and it is then the duty of the court to *323 treble them. It is for the jury also to determine whether the defendants have brought themselves within the proviso or second section, namely, that the trespass was casual and involuntary, &e. This is not a question to be settled by the court on affidavit. In Livingston v. Platner, 1 Cowen, 175, it was held, that the jury must find the single value of the wood, &c. in terms, or the court would infer they had found the treble value; that the defendant had brought himself within the proviso. The old statute used the terms “treble value of the wood,” &c. for which treble damages have been substituted in the Revised Statutes. The finding here brings the case directly within these authorities. The court had no discretion over the matter, and should have rendered judgment for treble damages. We, therefore, reverse the judgment of the common pleas, and render such judgment as the court below should have given: i. e. that the plaintiff recover, as damages, ninety dollars, being treble the amount found by the jury.
Ordered accordingly