Jermain v. Booth.

*S. H. Hammond*, for the defendant in error.

*P. Gansevoort*, for the plaintiffs in error.

---

## JERMAIN vs. BOOTH.

In an action of trespass on lands brought pursuant to the statute giving treble damages, the plaintiff is entitled to full costs, though the damages when trebled are less than fifty dollars, and the title was not in issue and did not come in question.

F. M. HAIGHT, for the defendant, moved to set aside the judgment and execution in this cause, on the ground that full costs were taxed and inserted in the record in a case in which, as he maintained, the plaintiff was not entitled to recover costs. The action was trespass for taking and carrying off wood from the plaintiff's land, the count claiming treble damages and referring to the statute concerning "trespass on lands." (2 *R. S.* 338, § 1.) The defendant pleaded a licence, upon which the plaintiff took issue. Verdict for the plaintiff seven dollars, which by stipulation was trebled, and for these treble damages with full costs taxed at $101,77, judgment was perfected. The plaintiff's attorney produced to the taxing officer the certificate required by 2 *R. S.* 653, § 8.

*Haight* said that costs were claimed under the provision in 2 *R. S.* 613, § 3, *sub.* 1, by which costs are allowed " in all actions relating to real estate enumerated in the fifth chapter of [that] act." This chapter, which commences at 2 *R. S.* 302, relates, in its different titles, to ejectment, proceedings to determine claims to real estate, partition, nuisance, waste, and (title 6) to *trespass on lands,* upon which this action was brought. The defendant insists that costs are only given in such of these actions or proceedings as contemplate *the recovery of real estate, or of the possession of such estate,* and not to those which authorize the recovery of damages only. The reviser's note to the subdivision in question (3 *R. S.* 795) countenances this position. It is there said to be an extension of a former act " so as to give costs in actions where no damages can be recovered and to forcible entries." He also cited *Chandler* v. *Duane,* (10 *Wend.* 563,) and *Wickham* v. *Seely,* (18 *id.* 649.) This action might have been brought before a justice of the peace.

*C. Stevens,* for the plaintiffs, cited *Newcomb* v. *Butterfield,* (8 *John.* 342;) *Mooers* v. *Allen,* (2 *Wend.* 247 ;) *Hubbell* v. *Rochester,* (8 *Cowen,* 115 ;) *King* v. *Havens,* (25 *Wend.* 420.)

*By the Court,* BEARDSLEY, J. This was an action "relating to real estate enumerated in the fifth chapter of" the " act concerning suits and ministers of justice, and proceedings in civil cases." (2 *R. S.* 613, § 3; *id. p.* 338, 302.) It is a penal action given by, and founded on, the sixth title of the chapter referred to. (*Id.* 338.) It is given to the *owner* of the real estate on which the trespass is committed, and to him alone, and is therefore not unaptly designated as an action *relating to real estate.* In all actions of that description enumerated in said fifth chapter, costs are given without regard to the amount of the recovery. (§ 3 *above.*) In cases of this description the right to costs depends on the *nature of the action,* not on the point in issue by the pleadings, or the amount of the recovery.

In the present case the damages were trebled by the assent and agreement of the respective parties. The stipulation to

treble the damages was well enough, but the law would have done the same thing without a stipulation. (*King* v. *Havens*, 25 *Wend.* 420.) As the plaintiff was entitled to costs, the motion must be denied with costs.

Motion denied.