## SUPREME COURT.

### WALKER agt. BURNHAM.

When a constable executes a warrant, issued and delivered to him by the colonel of the regiment for the collection of military fines, in so doing he acts *under the command* of an officer of the militia, and if prosecuted therefor and a judgment is given in the action against the plaintiff, the constable shall recover *treble costs,* under 1 *R. S.* 324, § 6.

The cases holding that double costs are *not* repealed by the Code, collected and approved.

The words " treble costs" in the militia statute are to be understood literally, and the costs are to be *actually trebled.* The double costs, so called, given to public officers (2 *R. S.* 617, § 24), are more strictly *increased* costs.

*Chenango Special Term, August* 1852. *Motion by defendant for treble costs.* The action was brought to recover the possession of personal property taken by the defendant, a constable, by virtue of a warrant issued by John D. Shaul, colonel of the 39th regiment, for the collection of military fines.

Upon the trial at the Otsego June circuit, the plaintiff was non suited for the reason that *replevin* would not lie in such case. The defendant now moves for treble costs under the militia law, he having obtained the necessary certificate from the judge who tried the cause.

JAMES E. DEWEY, for defendant, insisted that under the acts organizing the militia, the defendant, although a civil officer, acted under the *command of the colonel,* within the spirit and letter of the statute (1 *R. S.* 324, § 6), and not under process issued by any court.

He also insisted that the words " treble costs " in that section (§ 6), being unexplained or uncontrolled by the statute itself, and there being no statute defining the words " double" or " treble costs," were to be understood *literally* by the courts and entitled the defendant to a recovery of thrice the amount of his single costs and disbursements.

LEWIS R. PALMER, for plaintiff, opposed the motion, insisting that the defendant acted, not under the command of a military officer, but by virtue of his office only.

Walker agt. Burnham.

Also, that the statute defined " double costs " as the common costs and one half in addition, and that the practice was to apply the same principle to *treble* costs, by adding seventy-five per cent only to the common costs (*Graham's Practice*).

MASON, Justice.—I am of opinion that the defendant in executing this military warrant, issued by the colonel of the regiment, is to be deemed a person acting under the command of a militia officer, within the meaning and intent of § 6 (1 *R. S.* 324), and that as he was prosecuted in this action for an act done by him while acting under such command, he is entitled to treble costs (1 *R. S.* 324, § 6). The present statute in relation to costs has not, in my opinion, repealed this statute, as will be seen by reference to the following cases (Calkins agt. Williams, 5 *How. Pr. R.* 393; Calkins agt. Williams, 5 *id.* 395; Murray agt. Haskins, 4 *id.* 263; Chadwick agt. Brother, 4 *id.* 283; Westervelt ads. Nelson, 8 *Legal Observer*, 173; Barber agt. Crossett, 6 *How. Pr. R.* 45; Foster agt. Cleaveland, 6 *id.* 253; Cheney vs. Windsor, 5 *Denio's Rep.* 96; Fuller vs. Wilcox, 19 *Wend. R.* 351, 352).

When *treble* damages are given by statute they are to be actually trebled (25 *Wend.* 420; 1 *Denio*, 639); and so when the statute gives treble costs they are to be actually trebled (Dunbar vs. Hitchcock, 5 *Taunt. R.* 820; 1 *Eng. Com. Law R.* 279; 2 *Rawle R.* 201; 3 *Yeates' R.* 82; 5 *Halst. R.* 145; 1 *Lord Raymond's R.* 13); and the same was true as to double costs before the Revised Statutes (2 *Dunlop's Pr.* 731; *Graham's Pr. 1st ed.* 591; McFarland vs. Crary, 6 *Wend. R.* 303, 311, 321). The Revised Statutes, giving to public officers an *increase* of costs, have fixed it at the taxed costs and one half in addition (2 *R. S.* 617, § 24); and yet this is called double costs, but it is not so, strictly (19 *Wend.* 352; 5 *id.* 93; 25 *id.* 251; 1 *Hill,* 673). BRONSON, J. says, in the latter case, the old statute gave double costs, but the present statute gives *increased* costs. I am of opinion, therefore, that the defendant is entitled to treble costs, by which I mean the costs actually trebled; but no costs on this motion are given. Motion granted.