### THE PEOPLE *vs.* THE NEW YORK CENTRAL RAIL ·ROAD COMPANY.

In the computation of time under a statute, the day from which a specified number of days is to be counted, is to be excluded, and the day on which the period expires is to be included.

Thus where a statute declared that certain penalties, incurred by rail road companies, should be sued for *within ten days* after the same were incurred, *Held* that an action for penalties incurred on the 20th of December, was properly brought on the 30th of that month.

APPEAL from a judgment entered at a special term, after a trial at the circuit.   The action was brought to recover penalties or fines, to be imposed upon the defendants, for neglecting to ring a bell, or sound a steam whistle on crossing a highway with their locomotives, as required by statute.   By the general rail road law, (*Laws of* 1850, *ch.* 140, *p.* 211, § 39,) a bell is required to be rung, or whistle sounded, by every rail road company, on crossing a public highway with a locomotive, under a penalty of $25 for every neglect, to be sued for by the district attorney of the county *within ten days after* such penalty is incurred.   By chapter 282, Laws of 1854, page 608, a bell shall be rung, &c. and every neglect shall subject the corporation to a fine not exceeding $20.   All the penalties may be sued for in the name of the people of the state of New York, by the district attorney of the county,

The People *v.* New York Central Rail Road Company.

*within ten days thereafter.* The plaintiff proved eight different neglects of this kind by the defendants, in the town of Sennett, Cayuga county, on the 20th of December, 1856. The action was commenced on the 30th of December. The defendants moved for a nonsuit, on the ground that the action was not brought in time; which motion was denied. The judge charged the jury that if the action was commenced on the 30th day of December, it was in time to recover the penalties incurred on the 20th of that month, and within the ten days prescribed by the statute. The jury, by their verdict, found that the defendants had been guilty of eight different neglects, on the 20th of December; and the court, in pursuance of such verdict, imposed a fine of $60 upon the defendants; for which sum, with costs, judgment was entered.

*S. Giles,* for the plaintiff.

*J. C. Cox,* for the defendants.

*By the Court,* E. DARWIN SMITH, J. Under the charge of the court, that if the action was commenced on the 30th of December the plaintiff could recover for the penalties incurred on the 20th of December, the jury have found the defendants guilty of eight different neglects or offenses on that day. By this construction and finding the liability of the defendants in the action extended through eleven days; the offense being committed on the 20th, and the action commenced on the 30th, or for ten days after the 20th, exclusive of the 20th. The question is, under the statute, for how many days after the commission of the offense did the defendants remain liable to be sued for such offense; or when did the statute of limitations apply to the offense and terminate the defendant's liability to an action therefor. The statute (*Laws of* 1854, *chap.* 282, § 7, *p.* 611,) after declaring it to be the duty of all rail road companies to ring a bell or sound a steam whistle for at least eighty rods from the place where the rail road shall cross

The People *v.* New York Central Rail Road Company.

any traveled road, and declaring that every neglect to comply with the provisions shall subject the corporation owning the rail road to a fine not exceeding $20, provides as follows: " All the penalties hereinbefore mentioned may be sued for in the name of the people of the state of New York, by the district attorney of the county where the same shall occur, *within ten days thereafter*." If the ten days are to be computed from the act done—the offense committed—the 20th of December should be included within the ten days, and the ten days would expire on the 29th. The people obviously could have commenced this action on the 20th of December, as soon as the offense was committed ; and if the legislature intended to allow the people only ten days within which to prosecute, then ten days had elapsed before this suit was commenced, and the case, in this view of it, would fall within the cases of *Arnold* v. *United States*, (9 *Cranch*, 120 ;) *Pierpont* v. *Graham*, (4 *Wash*. 232 ;) *Presley* v. *Williams*, (15 *Mass. R.* 193 ;) and *Rex* v. *Adderley*, (*Doug.* 446.)

But I think we are hardly at liberty to adopt the rule of construction of these cases ; that is, including the day on which the act is done, as within the ten days allowed by the statute, since the case of *Ex parte Dean*, (2 *Cowen*, 605,) and *Snyder* v. *Warren*, (*Id.* 518.) In the case of *Ex parte Dean* the court said, " We have departed from the rule of construction adopted by the English courts, and hold that the same mode of computation is to be adopted upon statutes, which prevails both in England and in this state as to notices ; that is to say, " one day is counted inclusive and the other exclusive." The code (§ 407) declares the same rule. This applies to all questions of practice. The same rule applies in the construction of contracts. The same rule for the construction of statutes is re-asserted in *Commercial Bank* v. *Ives*, (2 *Hill*, 356 ;) *Wilcox* v. *Wood*, (9 *Wend*. 348 ;) *Columbia Turnpike* v. *Haywood*, (10 *id.* 422 ;) *Homan* v. *Liswell*, (6 *Cowen*, 660.) *And see Smith's Commentaries*, § 618 *and note*.

As the mode of computing time is of less real consequence

than that there be some uniform rule on the subject, I think it was the obvious purpose of those who have come before us in this court, whose decisions are above referred to, to adopt and adhere to the same rule in the construction of statutes which obtained in respect to contracts, notices and proceedings in the practice of the courts.  And I think also that we are bound to presume that the legislature have acted in reference to this rule in the passing of statutes and in the language used therein.  The rule is at best arbitrary, and it is not for the public interest that it be uncertain and fluctuating. It is far better for the courts to adhere to one uniform rule. The rule fixed by the legislature, in the code, for its construction, I think should be followed in the construction of *all statutes.*  The decision at the circuit, I think, was right.  The objection that the plaintiff is not entitled to costs I think untenable.  This is a civil action for the recovery of money, and the plaintiff recovering more than $50 by the judgment of the court, is entitled to costs under the statute.

The judgment of the special term should be affirmed.

[MONROE GENERAL TERM, September 6, 1858.  *Welles, Johnson* and *Smith,* Justices.]