## KEINY *vs.* INGRAHAM and others.

A complaint alleged that the defendants, with force and arms, broke and entered upon the plaintiff's premises, describing them, and then and there cut down and carried off trees and timber standing and growing upon said premises, the property of the plaintiff, to wit, &c., of the value of $100, without the leave of the plaintiff; by means whereof he had sustained loss and damage to the amount of $100. It then demanded judgment, and that the plaintiff recover treble the amount of such damages, pursuant to section 1, title 6, chap. 5, part 3 of the Revised Statutes, &c., with costs. *Held* that these allegations were those, and all of those, which formerly constituted the action of trespass and characterized and distinguished it from other actions. That the pleader had followed, very literally the statute relative to "trespass on lands," and that having, in the prayer for judgment, referred to the particular section providing for treble damages, the plaintiff was entitled to have the amount of damages found by the jury trebled.

The Code has repealed the provisions of the Revised Statutes relative to costs in actions for "trespass on lands;" and where, in such an action, the plaintiff, under an order directing the amount of damages found by the jury, to be trebled, recovers over $50, he has a right to the costs of the action.

The avowed and manifest object of section 303 of the Code was to repeal the fee bill then existing, in civil actions, and to establish another one in its place; and also to make changes in the conditions on which parties should recover costs. It was intended to put actions formerly known as trespass on lands, where the title was not involved, in the same class as other cases triable before a justice of the peace, and in which the plaintiff must recover $50, or pay the costs of the defendant.

Keiny *v.* Ingraham.

THIS is a motion to correct the minutes of the court, to vacate an order trebling the amount of damages assessed by the jury on the trial of the action; that the clerk of St. Lawrence county be directed to set aside the taxation and allowance of costs to the plaintiff; that the defendants be allowed costs against the plaintiff; and that the same be adjusted by the clerk and inserted in the judgment in this action.

The action was tried at the circuit held in St. Lawrence county in October, 1872. The jury found a verdict for the plaintiff, for $17.

Immediately, or soon after the rendition of the verdict, the plaintiff applied to the court, in the absence of the defendants' counsel, for an order trebling the amount of the damages as found by the jury, and the application was granted.

The defendants now applied, by motion, for relief in the particulars above specified, upon the record and proceedings in the action as well as upon affidavits.

*Myers & Morris,* for the plaintiff.

*Magone & Holbrook,* for the defendants.

JOSEPH POTTER, J. The order trebling the damages having been made in the absence of the defendants' counsel from the court-room, and without a hearing in behalf of the defendants, upon the question, and without notice, I shall treat the motion as an original application in behalf of the plaintiff to treble the damages as found by the jury, and as an application for an order in behalf of the defendants, allowing them to recover their costs of the plaintiff, and directing the clerk to correct the judgment accordingly.

In thus considering the case, these questions are to be determined:

1st. Is the plaintiff entitled to have the amount of damages found by the jury trebled.

2d. Which party is entitled to recover the costs of the action.

*First.* Was the plaintiff entitled to have the amount of damages found by the jury trebled?

The statute (§ 1, *ch.* 5, *title* 6, *part* 3, 2 *R. S., p.* 349, *Edm. ed.,*) "Of trespass on lands," provides that "Every person who shall cut down or carry off any wood, underwood, trees or timber, &c., without the leave of the owner thereof * * shall forfeit and pay to the owner of such land * * treble the amount of the damages which shall be assessed therefor in an action of trespass, by a jury," &c.

The allegations of the complaint herein are clearly those; and all of those which formerly constituted the action of trespass and characterized and distinguished it from other actions. It alleges that the defendants, with force and arms, broke and entered upon the plaintiff's premises, describing them, and then and there (in the language of the above cited statute,) cut down and carried off trees, timber standing and growing upon said premises, the property of the plaintiff, to wit, &c., of the value of $100, without the leave of the plaintiff; by means whereof he has sustained loss and damage to the amount of $100.

This is a complaint for trespass on lands, and for asportation, &c.

The complaint then demands judgment, and that the plaintiff recover treble the amount of such damages, pursuant to section 1, title 6, chapter 5, part 3 of the Revised Statutes, &c., with costs of the action.

The pleader, for his allegations of fact, has followed the statute very literally, and in his prayer for judgment has referred to the particular section of the statute providing treble damages. I do not perceive that there is anything omitted from the complaint essential

to the recovery of treble damages; nor can I imagine anything more that could have been stated in the complaint without incurring the charge of redundancy or surplusage, and the risk of a motion to strike out the same upon that ground.

Moreover, the case was tried, throughout, without objection or question, upon the theory that the plaintiff, if he proved the allegations of the complaint, would be entitled to have the damages found by the jury trebled by the court. It was so stated and argued to the jury by the counsel, in summing up, upon either side, and by the court, in the charge. The jury was directed by the court, if they should find the allegations of the complaint proved, to their satisfaction, to assess the actual damages, and were also told, by the court, that the damages thus found by them would be trebled by the court.

To afford the court information for this purpose, a written question was prepared by the court, submitted to and approved by the counsel on both sides, and given to the jury on retiring. Besides, if the summons should have been so indorsed, the omission to do so was waived by the whole course of procedure in the action, and upon the trial.

Hence I conclude that the plaintiff was entitled to have the damages trebled; and the order directing the amount of damages found by the jury, to be trebled, was properly granted.

By virtue of that order, the sum which the plaintiff would recover of the defendants would be $51. That brings us to the consideration of the second question; which party is entitled to recover costs of the other?

By section 3, title 3, chapter 10, part 3 of the Revised Statutes (3 *R. S.* 636, *Edm. ed.*,) if the plaintiff recover judgment in an action "Of trespass on lands," he "shall recover costs allowed for services in the court in which the action is pending."

If these provisions have not been repealed by the Code, the plaintiff is clearly entitled to recover costs of the defendants. I am furnished with authority (*Utter* v. *Gifford*, 25 *How.* 289,) holding that the provisions are not affected by the Code, and that the plaintiff is still entitled to recover costs in an action "of trespass on lands." If this authority had not been questioned by other decisions, I should feel constrained to follow it, though against my own judgment. But, upon an examination of the question, I am brought to the conclusion that the Code has repealed these provisions of the Revised Statutes, and that the allowance of costs, in an action for trespass upon land, is now competent by the Code.

Title 1 of chapter 10, part 3 of the Revised Statutes, in which section 3 is found, and which awards costs to the plaintiff, in an action of trespass upon lands, is entitled "Of the cases in which costs may be recovered," &c. That title provides for the recovery of costs in equity actions, and also in common law actions. It specifically provides for actions relating to real estate enumerated in the 5th chapter of that act, viz.: ejectment, proceedings to compel the determination of claims to real property, partition, nuisance, waste, and trespass on lands. Title 10 of the Code is entitled "Of costs in civil actions." In that title is found section 303, which provides that "all statutes establishing or regulating the costs or fees of attorneys, solicitors and counsel in civil actions," &c., &c., are repealed.

The terms of this repealing statute are broad enough to embrace the provision of the Revised Statutes before referred to, which directs costs to the plaintiff upon a recovery in an action of trespass upon lands.

After section 303, which repeals the existing provisions awarding and fixing the amount of costs recoverable in certain specified actions, comes section 404 of the Code, which establishes and regulates costs in civil

actions. It prescribes the cases in which and the rates at which costs shall be allowed. Among the cases provided for are actions for the recovery of real property, or where the title thereto is involved ; actions for the recovery of money. This last will embrace an action · for trespass on land. The language and terms of section 404 of the Code can embrace all the actions specified in chapter 5, of part 3, Revised Statutes, viz.: ejectment, partition, determination of claims to real property, costs, nuisance, and trespass on lands. If so, then the Code, while it repeals the provisions of the Revised Statutes in relation to costs in the actions specified in chapter 5, adopts other provisions in relation to the costs in such actions. Section 468 of the Code repeals all statutory provisions inconsistent with its provisions.

The avowed and manifest object of section 303 of the Code was to repeal the fee bill then existing, in civil actions, and to establish another one in its place ; and also to make changes in the conditions on which parties should recover costs. It was intended to put actions formerly known as trespass on lands, where the title thereto was not involved, in the same class as other cases triable before a justice of the peace, and in which the plaintiff must recover $50, or pay the costs of the defendant.

It is doubtless true, as suggested in the opinion of the court in 25 *How.* 289, that the 6th title of chapter 5, " Of trespass on lands," is expressly saved from repeal by section 471 of the Code, but it is not title 6 of chapter 5 which gives the plaintiff the right to costs. His right to costs is derived from title 1 of chapter 10, part 3 of Revised Statutes (*supra.*) The question in *Bartle* v. *Gilman,* (18 *N. Y.* 260,) was, whether section 24 of title 1, chapter 10 of 2 *R. S.* 617, which gives the defendant who is an officer double costs, was repealed or not. It

was there held, by a bare majority of the court, that it was not repealed.

But while the statute giving double costs was not repealed, the statute fixing the rate of costs was repealed. The reasoning of Judge Comstock tends to the conclusion that the bill was repealed altogether, and to change the mode in many cases in which the plaintiff, before the Code, had been allowed to recover costs.

The General Term of the 4th Department has come to a different conclusion, in a well considered case, *Turner* v. *Van Riper*, (43 *How.* 33,) from the case of *Utter* v. *Gifford*, (25 *How.* 289,) cited by the plaintiff's counsel. So, also, did the General Term in *The Earl of Craven* v. *Price*, (37 *How.* 15.) I am inclined to adopt the conclusion of the court in *Turner* v. *Van Riper*, (*supra*,) that we must resort to the provisions of the Code to determine which of the parties in this action is entitled to recover costs. I think it was intended, by its authors and the legislature, to establish provisions regulating in what cases, and in what amount, costs should be recoverable. Perhaps some case, or class of cases, may have been omitted.

Section 304 of the Code provides in what cases the plaintiff may recover costs as a matter of right.

1st. In an action for the recovery of real property, or when a claim of title to real property arises on the pleadings, or is certified by the court to have come in question. It seems quite clear that the case under consideration is not embraced within this language. The title and possession of the plaintiff of the premises and property set forth in the complaint is admitted by the answer. The complaint alleges that the trespass and cutting down and removal, &c., were done without leave of the owner. This allegation is denied. But it has been repeatedly held that a mere license is not an interest in lands, raising an issue of title. (7 *Bosw.* 75. 25 *How.* 289. 37 *id.* 15. 43 *id.* 33.)

Subdivision 4 of section 304 of the Code provides that the plaintiff shall recover costs in an action for the recovery of money, when he shall recover fifty dollars. In this case the jury assessed the damages at seventeen dollars, and the court trebled it, making fifty-one dollars. For this sum the plaintiff will recover judgment, in the action. To recover is to obtain by course of law. Recovery is the obtaining of a thing by the judgment of a court, as the result of an action brought for the purpose. (*Burrill's Law Dic.* 871.) It matters not that a portion of the recovery is in the nature of a penalty or forfeiture. If the recovery was altogether for a penalty it would make no difference. The right to costs is made to depend upon the amount of money recovered, and not upon the nature or character of the subject of the action. (*The People* v. *The New York Central Railroad Co.*, 28 *Barb.* 284.)

The defendants' motion should therefore be denied, and the order trebling the damages, and the adjustment of costs by the court, should be ordered to stand; with $10 costs to the plaintiff.

[St. Lawrence Special Term, February, 1873. *Joseph Potter*, Justice.]