# WILLIAM H. CROWELL, RESPONDENT, *v.* EPHRAIM W. SMITH, APPELLANT.

*Costs — when the plaintiff is entitled to them, on the ground that the title to real property is put in issue by the pleadings — Code of Civil Procedure, secs.* 1667, 1668, 3228. *sub.* 1.

The complaint alleged that the defendant without leave wrongfully entered upon the farm and premises of which the plaintiff then was, and still is, the owner and possessor, and then and there without leave wrongfully cut and broke down, carried away and destroyed, a large number of trees there standing and growing, to the plaintiff's damage of $100, wherefore he demanded judgment for treble damages. The answer denied each and every allegation of the complaint. The jury found a verdict in favor of the plaintiff for twelve dollars and fifty cents actual damages, and that he was entitled to recover treble damages. No certificate showing that the title to real property came in question upon the trial was given.

*Held,* that as the claim to recover treble damages could, under sections 1667 and 1668 of the Code of Civil Procedure, only be made by the owner of the land, and as the plaintiff's right to recover such damages was denied by the answer, an issue was raised by the pleadings as to the title to the land and that the plaintiff was entitled to costs.

Where a complaint, in an action of trespass, alleges an injury to the inheritance, a denial of the allegation of the complaint by the defendant in his answer raises a question as to the title to real property, even though the plaintiff has alleged in his complaint possession of, as well as title to, the land. (Per BRADLEY, J.)

APPEAL by the defendant from an order of the Monroe Special Term, denying a motion to set aside a taxation of costs in favor of the plaintiff, and for a direction to tax, and allow them in favor of the defendant.

*Jacob Decker*, for the appellant.

*A. P. Rich*, for the respondent.

BRADLEY, J.:

The question presented is whether a claim of title to real property arose upon the pleadings within the meaning of Code of Civil Procedure (§ 3228, sub. 1). The complaint alleges that the defendant, without leave, wrongfully entered upon the farm and premises of which the plaintiff then was, and still is, the owner and possessor (describing it), and then and there, without leave, wrongfully cut

and broke down, carried away and destroyed a large number of trees, standing and growing, to the plaintiff's damage of $100, " wherefore the plaintiff demands judgment for treble damages, amounting to $250. The answer denies the complaint and each and every allegation of it. The jury, by their verdict, said they " assess the actual damages of the plaintiff at twelve dollars and fifty cents, and that the plaintiff is entitled to recover treble damages." No certificate was made that title to real property came in question on the trial, and each party claimed he was entitled to recover costs. The clerk allowed and inserted the plaintiff's costs in the judgment, and denied the defendant's application in that respect. The motion of the latter for retaxation, and for direction to allow his and disallow those of the plaintiff was denied by order of the Special Term, and from that order this appeal is taken. The questions may be considered: 1. Whether the demand by the complaint for treble damages, with or without reference to the recovery of them, characterizes the issue as one presenting claim of title to real property. 2. Whether, by reason of the alleged injury to the freehold by cutting timber (put in issue by the answer), such claim of title arises on the pleadings.

Prior to the Code, the statute entitled " Of Trespass on Lands " permitted the owner to recover treble damages for cutting down, etc., wood, trees or timber without leave, unless it appeared that the trespass was casual and involuntary, etc. (2 R. S., 338, §§ 1, 2.) And to entitle such recovery the plaintiff, by his declaration, must have counted upon that statute. (*Livingston* v. *Platner*, 1 Cow., 175; *Brown* v. *Bristol*, Id., 176; *Benton* v. *Dale*, Id.; 160; *Mooers* v. *Allen*, 2 Wend., 247; *King* v. *Havens*, 25 id., 420, 422; *Stanton* v. *Pritchard*, 4 Hun, 266.) The provisions of the Revised Statutes in this respect were substantially the same as those before then, under which some of those cases were decided, and in such cases costs were given the plaintiff upon recovery of either single or treble damages. (1 Laws 1813, chap. 56, § 29.) And by the Revised Statutes it was expressly provided that in all actions relating to real estate enumerated in the fifth chapter, the plaintiff, if he recovered judgment, should recover costs. (2 R. S., 613, § 3, sub. 1.) The provisions of the statute " of trespass on lands," were, in the fifth chapter, referred to, and recovery by the

**184** CROWELL *v.* SMITH.

plaintiff, while that section 3 was in force, necessarily entitled him to costs. And there was some question whether it was repealed by the old Code of Procedure. It was held in *Utter* v. *Gifford* (25 How., 289) that it was not so repealed. The weight of authority is to the contrary. (*Smith* v. *Keeler*, 8 How., 55 ; *Turner* v. *Van Riper*, 43 id., 33 ; *Keiny* v. *Ingraham*, 66 Barb., 250, 256.) And such conclusion seems to be in harmony with the spirit and purpose of the provisions of the Code of Procedure in respect to costs. But that question here is not important, as it does not appear by the record before us that this action was commenced prior to the 1st day of September, 1880, and it is unnecessary to consider whether there are any reservations which would be applicable if commenced before then. Those provisions of chapters 5 and 10 of part 3 of the Revised Statutes, were not operative after September 1, 1880. (Laws 1880, chap. 245, § 1.) The question here is treated as wholly dependent on the provisions of the Code of Civil Procedure. There the right to recover treble damages for cutting trees, timber, etc., without leave of the owner, is given by sections 1667, 1668, and the provisions of those sections are, in substance, the same as those of the Revised Statutes in that respect. The right to recover this penal sum is in the owner alone. (*Jermain* v. *Booth*, 1 Denio, 639, 640 ; *Van Deusen* v. *Young*, 29 N. Y., 9, 13.) And for that purpose the plaintiff may state, in his complaint, the amount of his damages, and demand judgment for treble the sum so stated. And nothing more in the complaint seems to be required to bring the case within the statute. (Code Civil Pro., § 1668.) He does demand judgment for treble damages, and may, therefore, be deemed within the statute. If that form of demand must be treated as characterizing his claim in the complaint as that of owner only, then by answer denying all the allegations of it, a claim of title to real property is made to arise upon the pleadings within the meaning of section 3228, subdivision 1. And the rule should prevail that his right to recover in such action must depend upon proof of title in the plaintiff, although on the trial he seeks to recover, and recovers single damages only ; that his proof of actual possession in such case be treated as evidence of ownership as distinguished from a possessory right.

This will make the situation logical. And the question whether

the recovery be for actual or treble damages will have no importance. Such was the rule when the provision of 2 Revised Statutes, 613, section 3, subdivision 1, was in force. ( *Utter* v. *Gifford*, 25 How., 289.) And that view should be adopted. This supports the right of the plaintiff in this action to costs upon the pleadings. The difference in the rule applied under that provision of the Revised Statutes and the Code is that then the plaintiff was entitled to costs without reference to the issue or amount of recovery, and now it depends upon a recovery of fifty dollars or more, or the fact that the claim of title to real property arises upon the pleadings which is produced by the allegations of the answer. (*Turner* v. *Van Riper*, 43 How., 33.) The complaint alleges an injury to the freehold. And the question may be considered whether the right to costs may be determined by the character of the injury charged as resulting from the trespass, when both title and possession of the plaintiff are alleged in the complaint and denied by the answer. By 2 Revised Statutes, 613, section 3, subdivision 2, it was provided that the plaintiff recover costs in all actions in which the title to lands or a right to do any other injury thereto shall have been put in issue by the pleadings. It was held that a plea of general issue in action of trespass on land did not put title in issue within the meaning of that statute, although the injury alleged related to the inheritance, but that some affirmative claim of right which presented the question of title was required in the defendant's plea to put that in issue, so as to entitle the plaintiff on that ground to costs on recovery of less than fifty dollars. Otherwise he could have costs only on certificate that title to land came in question on the trial. (*People ex rel. Fryer* v. *N. Y. C. P.*, 18 Wend., 579; *Squires* v. *Seward*, 16 How., 478, and cases there cited; *Radley* v. *Brice*, 6 Wend., 539; *Brown* v. *Majors*, 7 id., 495.) And such is the view taken by the court in *Rathbone* v. *McConnell* (21 N. Y., 466; affirming 20 Barb., 311). But since the decision in *Kelly* v. *New York and Manhattan Beach Railroad Company* (81 N. Y., 233), it must be assumed that the Court of Appeals has established the doctrine that, when a defendant denies a plaintiff's complaint in trespass alleging injury to the inheritance, a claim of title to real property arises on the pleadings although the plaintiff alleges his possession as well as title.

The stipulation made by the attorneys to the effect that the

plaintiff might prove treble or single damages, the same as if the complaint was sufficient for the purpose, and that the defendant might prove good faith the same as if the answer was sufficient, and that the defendant is not to dispute the title cannot be treated as part of the pleadings. It was made after the issue and must be deemed for the purposes of the trial as a waiver of objections if any ground for them existed under the pleadings and as matter of evidence in respect to the title. Such is the purport and effect of the stipulation. It in no manner relates to the question presented upon this appeal.

The order appealed from should be affirmed.

BARKER, HAIGHT and LEWIS, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.