## VAILES v. BROWN.

1. COUNTY ELECTION CONTESTS TRIABLE BY COUNTY COURT.— Under the act of 1885 the county judge sitting in term time, in his regular capacity as the county court, is invested with jurisdiction to try and determine contested election cases of county officers. Whether the county judge sitting in vacation may exercise such jurisdiction, not determined.

2. STATEMENT OF CONTEST, WHEN TO BE FILED.— Section 14 of the act is to be construed as a statute of limitations upon a summary proceeding; and when the period for filing the statement under said section has fully elapsed, excluding the day when the votes are canvassed, the time cannot be extended merely on the ground that the last day happens to fall on Sunday.

*Appeal from La Plata County Court.*

WILLIAM T. VAILES and Callahill Brown were opposing candidates for the office of commissioner of La Plata county at the general election in November, 1890. The vote being canvassed, it appeared that the total number of votes cast for said office was 1,223, of which Vailes received 614, Brown 608, scattering 1. Vailes received the certificate of election.

This proceeding was instituted in the county court by Brown for the purpose of contesting the election of Vailes.

The case being tried, the court found in favor of the contestor, Brown, and rendered judgment declaring him to have been duly elected. Vailes brings the case to this court by appeal.

Messrs. DECKER & O'DONNELL, Messrs. SPICKARD & PIKE, Mr. N. C. MILLER and Mr. W. C. DAVIDSON, for plaintiff in error.

Messrs. RUSSELL & McCLOSKY, for defendants in error.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

This was a contested election case under the act of April 10, 1885. Session Laws, p. 193. The contestor having filed his statement and served his summons, the contestee appeared and, first by demurrer and afterwards by answer, challenged the jurisdiction of the court over the proceeding. The grounds of objection to the jurisdiction of the court were: *First*, that the proceeding was tried and determined by the county court instead of by the county judge; *second*, that the written statement of contest was not filed in the office of the clerk of the county court within ten days after the day when the votes were canvassed.

1. The act of 1885, *supra*, is somewhat ambiguous as to whether the county judge or the county court shall exercise jurisdiction in contested election cases of county officers. Upon careful consideration of its various provisions from section 13 to section 22 inclusive, we are satisfied that the county judge sitting in term time in his regular capacity as the county court is invested with jurisdiction to try and determine such election contests. Whether the county judge sitting in vacation may or may not exercise such jurisdiction, we need not now determine. The court did not err in overruling the challenge to its jurisdiction on the ground that the proceedings were had before the county court instead of the county judge.

2. From the record it appears that the votes were can-

vassed on November 6, 1890. The contestor did not file the written statement of his intention to contest the election until November 17, 1890. Section 14 of the statute requires that the statement shall be filed "within ten days after the day when the votes are canvassed." Hence, it is contended by appellant that the court below was without jurisdiction over the proceeding. On the other hand, it is claimed by the appellee that as November 16, 1890, fell on Sunday, the contestor was entitled to file his statement on the following Monday.

In a recent contested election case under the act of 1885, Mr. Justice HAYT, in delivering the opinion of this court, used the following language: "The proceedings upon an election contest before the county judge, under the statute, are special and summary in their nature; and it is a general rule that a strict observance of the statute, so far as regards the steps necessary to give jurisdiction, must be required in such cases. * * * The act is not only special in character, but it furnishes a complete system of procedure within itself. * * * It provides for a written statement as the basis of the proceedings." See *Schwarz v. Co. Court Garfield Co.*, 14 Colo. 47, 48, and authorities there cited.

In McCrary on Elections, 2d edition, sec. 276, it is said: "A statutory provision requiring notice of contest to be given within a given time from the date of the official count, or from the declaration of the result, or the issuing of the certificate of election, or the like, is peremptory, and the time cannot be enlarged. * * * And it may be added that there is the strongest reason for enforcing this rule most rigidly in cases of contested elections, because promptness in commencing and prosecuting the proceedings is of the utmost importance, to the end that a decision may be reached before the term has wholly, or in great part, expired."

It has been held that where a rule to plead expires on Sunday the party has the next day in which to plead. But

this rule has generally been limited in its application to causes over which the court has already acquired jurisdiction. *Cock v. Bunn*, 6 Johns. 326. So where administrative or judicial acts are required to be performed within a specified time, if the last day falls upon Sunday, the succeeding Monday becomes the return day, or court day, unless the same be also a legal holiday. *In re Computation of Time*, 9 Colo. 632. So, also, the Code of Procedure of this state, section 382, provides that "the time within which an act is to be done, as *provided in this act*," shall exclude the last day, if it be Sunday; but the rule is expressly limited to matters *provided for in the code.* The act of 1885 regulating proceedings in contested election cases contains no such provision; and it is, as we have seen, "a complete system of procedure within itself." Its provisions, therefore, must be construed by general rules applicable to statutory construction.

There is, undoubtedly, some conflict of authority in respect to the rule by which time as applied to statutes is to be computed. The question has sometimes been resolved by considering whether, from the nature of the case, a rigorous or liberal construction should be given. See opinion by Chief Justice Tilghman in *Sims v. Hampton*, 1 Serg. & Rawle (Penn.), 411.

In Kansas, for the purpose of allowing a party to redeem his lands from a tax sale, and in Pennsylvania, for the purpose of enabling a party to perfect an appeal, a method of computing time has been adopted which excludes the last day when it falls on Sunday. *English v. Williamson*, 34 Kan. 212; *In re Goswiler*, 3 Pen. & Watts, 200. In Massachusets, a similar rule has been declared for the purpose of preventing the forfeiture of life insurance policies. *Hammond v. Am. Mut. Life Ins. Co.*, 10 Gray, 306. But the latter case, like others cited in the brief of counsel for appellee, pertains to the construction of contracts rather than statutes. When the computation of time under *statutes* becomes necessary, an entirely different rule prevails in Massachusetts. See *Cooley v. Cook*, 125 Mass. 408, where

Chief Justice Gray states the rule as follows: "Whenever the time limited by statute for a particular purpose is such as must necessarily include one or more Sundays, Sundays are to be included in the computation, even if the last day of the time limited happens to fall on Sunday, unless they are expressly excluded, or the intention of the legislature to exclude them appears manifest."

The case of *Haley v. Young*, 134 Mass. 366, was a bill in equity to redeem land from a mortgage. The last day of the three years fell on Sunday. The court in its opinion, referring to the *Life Insurance Case* in 10 Gray, *supra*, used the following language: "It is said that at common law, when the time for the performance of a *contract* according to its terms expires on Sunday, a performance on the following Monday is good. But this rule, whatever may be the extent of it, has not been applied to acts which by *statute* are required to be done within a time therein limited."

The Massachusetts rule for computing time under *statutes* is fully sustained by the New York cases. The case of *The People ex rel. v. Luther*, 1 Wend. 42, related to the redemption of lands sold under execution. The last day of the fifteen months happening on Sunday, an offer to redeem on the next day was held to be too late. So in *Ex parte Dodge*, 7 Cowen, 147, where the time fixed by statute within which an appeal might be taken was *ten days*, and the last day fell on Sunday, the court said: "Sunday has in no case, we believe, been excluded in the computation of *statute* time."

The case at bar involves the construction of section 14 of the act of 1885, *supra*, as a statute of limitations upon a summary proceeding. There has been much discussion whether the statutory period for commencing actions or proceedings should be held to include or to exclude the first day; and the decisions upon this subject have generally been arrived at by considering whether the time begins to run *from or after an act done*, or *from or after a particular day*. Wood on Lim., p. 95 *et seq.; Arnold v. United States*, 9 Cranch, 120; *In re Tyson*, 13 Colo. 489.

From the wording of section 14, *supra*, it is clear that the first day must be excluded. The statute gives the contestor "ten days *after the day* when the votes are canvassed" to file his statement. After much consideration, we are satisfied, both upon principle and authority, that when the statutory period for filing the statement of an election contest for county officers under the act of 1885 has fully elapsed, excluding the day when the votes are canvassed, the time cannot be extended merely on the ground that the last day happens to fall on Sunday. This is the reasonable as well as the natural and literal interpretation of the statute. Any other construction of such an act would be unwarranted. Whenever recourse to the courts becomes necessary to determine the result of an election, public and individual interests alike require that the proceeding should be commenced and prosecuted promptly. McCrary on Elections, *supra*.

The statement of contest not having been filed within the time required by the statute, the court below erred in entertaining jurisdiction of the case. The judgment is accordingly reversed and the cause remanded with directions to the county court to dismiss the proceeding.

*Reversed.*