(18 Misc. Rep. 651.)

PRIGNITZ v. McTIERNAN.

(Oneida County Court. December, 1896.)

1. MALICIOUS MISCHIEF—TREBLE DAMAGES—PRESUMPTION FOR GENERAL FINDING.
   A general finding of damages will be presumed to be treble damages where plaintiff is entitled to such a recovery.
2. APPEAL—OPINION OF TRIAL JUD E.
   The opinion of a trial judge cannot be referred to on appeal to ascertain whether damages allowed by him were single or treble.
3. DAMAGES—DESTRUCTION OF PROPERTY—SPECIAL VALUE.
   Plaintiff can only recover the general value of property in an action for damages for its destruction, not its special value to him.

Appeal from the city court of Utica.

Action by Charles Prignitz against William M. McTiernan to recover treble damages for the malicious destruction of property. From a judgment in his own favor, entered on a decision of the trial judge, plaintiff appeals. Affirmed.

L. N. Southworth, for appellant.

Thomas D. Watkins, for respondent.

DUNMORE, J. This action was brought to recover treble damages for the unlawful and willful destruction of property. One ground of error complained of is that the court below awarded plaintiff single damages only, when he was entitled to treble damages. I agree with plaintiff that the evidence shows that defendant unlawfully and willfully destroyed plaintiff's property. Plaintiff was therefore entitled to recover treble damages. Pen. Code, § 654; Livingston v. Platner, 1 Cow. 175; King v. Haven, 25 Wend. 420; Jermain v. Booth, 1 Denio, 639. But the rule seems to be well settled that, unless it appears from the record that the single value alone was found, it will be presumed that the treble value was found. Livingston v. Platner, 1 Cow. 175; Add. Torts, vol. 2, § 1396; Wait, Law & Prac. (5th Ed.) 822. In this case the finding does not state whether it is for single or treble damages. It therefore falls within the rule above stated, and it must be presumed that treble damages were awarded. A copy of the opinion of the city judge is furnished, from which it is argued by plaintiff that single damages only were awarded; but reference cannot be had to the opinion to ascertain what the findings of fact were. Titus v. Orvis, 16 N. Y. 617; Percival v. Percival, 124 N. Y. 637, 26 N. E. 540. The record therefore fails to disclose that treble damages were not awarded by the trial court.

Another alleged error is that the plaintiff testified that the value of his time and his expenses amounted to $15.25, and that evidence was uncontradicted; that, therefore, the single damages should have been $15.25, and the treble damages $45.75, while the trial court only awarded $5 as damages. This would be so except for the rule of law that the evidence of a party or interested witness is not conclusive upon the trial court, even though it may not be contradicted. McNulty v. Hurd, 86 N. Y. 547; Kearney v. Mayor, etc., 92 N. Y. 617. The evidence as to damages therefore presented a ques-

tion of fact for the trial court, and that finding is conclusive upon this court, unless invalidated by the commission of some error in law.

The only other question raised upon this appeal which is worth considering is the ruling upon the following question asked plaintiff by his counsel, viz.: "Q. How much was it worth to you to get that paper in the shape it was at the time it was torn up?" Defendant's objection as incompetent, etc., was sustained. Plaintiff contends that, as the property destroyed had a special value to the plaintiff, it was proper to ask plaintiff what the property was worth "to him," and cites as authority for such contention Frankinstein v. Thomas, 4 Daly, 256; Sedg. Meas. Dam. § 251; Railway Co. v. Nicholson, 61 Tex. 553. I have examined the cases cited, and they do not quite sustain the plaintiff's contention. To allow a question in that form would be a departure from the general rule, and, in the absence of an authority in this state, I decline to establish such a precedent. As the record discloses no error of the trial court by which the plaintiff was prejudiced, the judgment must be affirmed, with costs. Judgment affirmed, with costs.